IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MICHAEL WATSON**                                                                                         **PLAINTIFF**

**V.**                                       **CASE NO. 2:24-CV-2036**

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA**                                                                                 **DEFENDANT**

## ORDER

Before the Court are Defendant The Prudential Insurance Company of America's Partial Motion to Dismiss Bad Faith Claim (Doc. 15) and Brief in Support (Doc. 16); Plaintiff Michael Watson's Response in Opposition (Doc. 21) and Brief in Support (Doc. 22); and Prudential's Reply (Doc. 32). The Complaint asserts claims for breach of contract and the tort of bad faith. The Motion to Dismiss only requests dismissal of the bad-faith claim.

According to the Complaint, Plaintiff Watson twice applied for disability benefits under a policy of insurance issued by Prudential. The first time he applied, he was suffering from anxiety and depression and was approved to receive benefits for a three-month period in 2019. After this, he returned to work. More than a year later, on January 13, 2021, he was hospitalized for depression. He did not return to work after that and applied again for long-term disability benefits. He finds it inconceivable that he was denied benefits in 2021 when he was approved for benefits for the same mental health condition in 2019 and accuses Prudential of failing to conduct a proper investigation, evaluation, and payment of his claim; making misleading statements in considering and denying his claim; willfully, unnecessarily, and improperly delaying the investigation of his claim; and denying the claim without evidence that would justify the decision. *See* Doc. 3, pp. 5–6.

Though Prudential's Motion to Dismiss is brought under Federal Rule of Civil

1

Procedure 12(b)(6), it appears that it is more properly characterized as a motion for judgment on the pleadings under Rule 12(c). A motion to dismiss for failure to state a claim must be filed *before* an answer, *see* Fed. R. Civ. P. 12(b), and here, Prudential filed its answer on the same day that it filed its Motion. Regardless, these distinctions are of little practical consequence, as the same pleading standard applies to motions brought under Rules 12(c) and 12(b)(6). *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). In either case, the Court must accept all facts in the complaint as true and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A claim is subject to dismissal if the facts fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, the Court is not required to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott*, 901 F.2d at 1488.

A claim for bad faith under Arkansas law requires facts that tend to show that an insurance company's denial was "characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627 (2005). No such facts are alleged here. Instead, Mr. Watson alleges in conclusory fashion that Prudential must have engaged in bad faith (and performed a substandard, misleading, and improper investigation) because the company failed to approve his claim for long-term disability benefits in 2021 after approving a similar claim in 2019. The Complaint is devoid of facts that would tend to show that Prudential's agents behaved maliciously in the course of investigating and denying the claim or that they "made misleading statements" to Mr. Watson in the course of evaluating the claim. *See* Doc. 3, p. 6. Rather, it appears that Mr. Watson simply disagrees with

Prudential's decision; he believes his claim is so obviously meritorious that the denial must have been made in bad faith.

The law is clear that a mere disagreement over coverage is insufficient to state a claim for bad faith. Instead, "there must be affirmative misconduct." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426 (2008). "[E]ven when the insurance company is guilty of . . . a complete failure to investigate a claim,' the tort of bad faith is unavailable." *Sims v. State Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (quoting *S. Farm Bureau Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 1026 (1996)). Accordingly, the claim for bad faith is subject to dismissal.

**IT IS ORDERED** that the Partial Motion to Dismiss Bad Faith Claim (Doc. 15) is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 24th day of July, 2024.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE